**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GLORIA NAVARRO, AS WRONGFUL DEATH BENEFICIARIES; ANTONIO NAVARRO, AS WRONGFUL DEATH BENEFICIARIES; AND HEATHER MEYER, AS NEXT FRIEND TO A MINOR, G.M.N., AS WRONGFUL DEATH BENEFICIARY AND HEIR TO THE ESTATE OF LUIS NAVARRO; *Plaintiffs* | § § § § § § § § § | SA-24-CV-00968-XR |
| -vs- | § § | |
| APOLONIO GOMEZ, IN HIS INDIVIDUAL CAPACITY; *Defendant* | § § § § | |

<u>**ORDER DENYING MOTION TO STAY**</u>

On this date, the Court considered Defendant's Motion to Stay (ECF No. 11), Plaintiff's response (ECF No. 12), and Defendant's Reply (ECF No. 13). After careful consideration, the Court **DENIES** the motion.

## BACKGROUND

This is a Section 1983 action against Defendant Apolonio Gomez, a Texas Department of Public Safety Trooper, for excessive deadly force. [1] On April 29, 2024, Trooper Gomez shot and killed Luis Navarro following a pursuit, after attempting to pull him over for a minor traffic violation. ECF No. 1 ¶¶ 9–10. Mr. Navarro allegedly had his hands up and visible when Trooper Gomez fired his gun into Mr. Navarro's chest. *Id.* ¶¶ 17–18. A state law enforcement investigation into the shooting is currently "open and ongoing." ECF No. 11-1 at 2. The Texas Ranger assigned

---

[1] Plaintiffs are statutory beneficiaries under the Texas Wrongful Death Act. Gloria Navarro and Antonio Navarro are the natural parents of Mr. Navarro and Heather Meyer is the mother of Mr. Navarro's child who sues on behalf of the child.. *Id.* ¶¶ 1–2.

to the case "cannot estimate when this criminal case will reach a Bexar County Grand Jury or when that grand jury will complete its duty concerning this case." *Id.* at 2–3.

On September 25, 2024, Defendant filed his answer. ECF No. 5. On October 25, 2024, the parties submitted their proposed scheduling order and Rule 26(f) report. ECF Nos. 7–8. The next day, Defendant moved to stay this case based on the parallel criminal investigation. ECF No. 11. This matter is now ripe for resolution.

<u>**ANALYSIS**</u>

## I.   <u>Legal Standard</u>

There is no federal constitutional, statutory, or common-law rule prohibiting simultaneous prosecution of parallel civil and criminal proceedings. *Sec. Exch. Comm'n v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981); *Bean v. Alcorta*, 220 F. Supp. 3d 772 (W.D. Tex. 2016). In special circumstances, a district court, consistent with its inherent powers to control the course of cases on its docket, has the authority to "stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice." *First Fin. Grp. of Tex., Inc.*, 659 F.2d at 668. Preserving "a defendant's Fifth Amendment right against self-incrimination and to resolve the conflict he would face between asserting this right and defending the civil action" constitutes such a special circumstance. *Bean*, 220 F. Supp. 3d at 775 (quoting *Alcala v. Tex. Webb Cty.*, 625 F. Supp. 2d 391, 397 (S.D. Tex. 2009)). "However, a mere relationship between civil and criminal proceedings does not necessarily warrant a stay." *Bean*, 220 F. Supp. 3d at 775 (quoting *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761–62 (W.D. Tex. 2008)) (cleaned up).

When a defendant requests a stay of the civil proceedings based on a conflict of interest with their Fifth Amendment privilege, courts consider the following six factors to determine whether a stay of the civil proceedings is warranted:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest.

*Bean*, 220 F. Supp. 3d at 775 (citations omitted).

## II.   **The Factors Do Not Support a Stay**

Defendant primarily argues that a stay is warranted to protect his Fifth Amendment rights, alongside the unavailability of evidence at this stage. The Court disagrees. Although the overlap of the civil and potential criminal case supports a stay, the remaining factors all weigh against one.

### A.   **Extent to which the Issues in the Criminal Case Overlap with Those Presented in the Civil Case**

This first factor is generally regarded as the most important factor in the analysis. *See, e.g.*, *Bean*, 220 F. Supp. 3d at 775–76; *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *5 (W.D. Tex. Feb. 1, 2016). When the subject matter of the civil and criminal cases significantly overlaps, there is a greater risk of self-incrimination and this factor supports a stay; conversely, where there is no overlap between the subject matter of the civil and criminal cases, there is no danger of self-incrimination and accordingly no need for a stay. *Bean*, 220 F. Supp. 3d at 776 (citing *Sec. Exch. Comm'n v. AmeriFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 866065, at *2 (N.D. Tex. Mar. 17, 2008)).

This factor supports a stay. Both matters involve the shooting of Mr. Navarro. Plaintiffs argue that whether the issues will overlap is a "matter of speculation," *Alcala*, 625 F. Supp. 2d. at

3

401, because the criminal case is not yet indicted. It is true that "where 'no indictment has as yet been handed up against [the defendant], the court cannot determine with certainty the degree of overlap between [the civil] action and the criminal investigation.'" *Gonzalez*, 571 F. Supp. 2d at 762 (quoting *AmeriFirst Funding Inc.*, 2008 WL 866065, at *3). But the Texas Ranger assigned to the investigation, Sharee R. Irwin, reviewed the complaint and stated that this action "is based upon the same facts which [she] is currently investigating." ECF No. 11-1 at 2. Even though the Court cannot determine with specificity the degree of overlap between this action and the pending criminal investigation, it finds it "quite reasonable to assume that [the] conduct detailed in the [civil] complaint [may] serve as the basis for criminal prosecution." *Gonzalez*, 571 F. Supp.2d at 762 (citation omitted). Whether or not criminal charges ever result does not negate this overlap.

## B.  Status of the Criminal Case

"A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct." *Gonzalez*, 571 F. Supp. 2d at 762–63 (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc., et al.,* 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). "Courts generally decline to impose a stay where the defendant is under criminal investigation, but has yet to be indicted." *Alcala*, 625 F. Supp. 2d at 401 (citing cases).

This factor weighs against a stay. Although Trooper Gomez is the subject of a criminal investigation, he has not been indicted. Defendant asserts "there is a definite plan for determining criminal charges expeditiously," ECF No. 11 at 3, but provides no evidence in support. Instead, Ranger Irwin "cannot estimate when this criminal case will reach a Bexar County Grand Jury or when that grand jury will complete its duty concerning this case." ECF No. 11-2 at 2–3. Defendant's citation to *Slack v. City of San Antonio* is unavailing. In *Slack*, the matter had already been forwarded to the Bexar County District Attorney for review and investigation and "a swift

resolution" was anticipated. No. SA-18-CA-1117-FB, 2019 WL 11097069, at *3. Here, Ranger Irwin is still waiting on underlying documents, the investigation has not been completed, and there is no sign that it will be resolved shortly. *See* ECF No. 11-1 at 2 ("[s]everal documents are pending which are necessary to complete my investigation including, but not limited to, the autopsy report and lab reports for Luis Navarro"). Even Defendant admits that "it is very early in the criminal process." ECF No. 11 at 3.

### C. The Private Interests of Plaintiffs in Proceeding Expeditiously, Weighed Against the Prejudice to Plaintiffs Caused by the Delay

"[T]he compensation and remedy due a civil plaintiff should not be delayed." *Gonzalez*, 571 F. Supp.2d at 763 (quoting *Gordon v. FDIC.*, 427 F.2d 578, 580 (D.C. Cir. 1970)). Plaintiffs have general interests "in the prompt resolution of [their] claims and in obtaining discovery while information is still fresh in witnesses' minds." *Sec. Exch. Comm'n v. Mutuals.com, Inc.*, No. 3:03-CV-2912-D, 2004 WL 1629929, at *3 (N.D. Tex. July 20, 2024) (quoting *Sec. Exch. Comm'n v. Mersky*, No. 93–CV–5200, 1994 WL 22305, at *3 (E.D. Pa. Jan. 25, 1994)). To prove this factor weighs against stay, however, a plaintiff must show that the stay would prejudice them in some way other than just delaying the civil proceedings, such as discovery that would later become unavailable, witnesses being unable to testify in the future, or degradation of evidence. *See Bean*, 220 F. Supp. 3d at 777; *Gonzalez*, 571 F. Supp. 2d at 763.

At the outset, Defendant argues there is no prejudice to Plaintiffs because "nearly all evidence relevant to this lawsuit is unavailable to the parties and will remain unavailable until the criminal process has concluded." ECF No. 11 at 1. Defendant claims that proceeding would instead prejudice Plaintiffs because they will get nowhere and be forced to litigate on an incomplete record. *Id.* at 3. Defendant relies on state law and sovereign immunity arguments in support.

First, Defendant argues that Section 552.108 of the Texas Public Information Act ("TPIA") will bar the release of relevant information. ECF No. 11 at 1 & n.3. Section 552.108 provides that certain "[i]nformation held by a law enforcement agency or prosecutor that deals with the detection, investigation, or prosecution of a crime is exempted from the requirements of Section 552.021," which is the general availability provision. TEX. GOV'T CODE §§ 552.108(a); 552.021 ("[p]ublic information is available to the public at a minimum during the normal business hours of the governmental body").[2] But exemption from public disclosure under the TPIA does not imply that the information cannot be obtained through discovery in this case.[3] "By its own terms, the [TPIA] has no effect on civil discovery." *Piatt v. City of Austin*,  1:07-CV-520-LY, 2008 WL 11334173, at *4 (W.D. Tex. Sep. 29, 2008). While Ranger Irwin claims she "cannot release information that is material to th[e] pending criminal investigation, nor should identical or substantially similar material information be released by [the Department of Public Safety]," ECF No. 11-1 at 3, she does not explain why.[4]

Second, Defendant raises the specter of sovereign immunity and argues that third-party discovery against the possessor of relevant evidence would be barred under *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022). In *Russell*, the Fifth Circuit held that sovereign immunity barred third-party subpoenas served on Texas felony judges, who had previously been named as defendants, in

---

[2] The TPIA also requires the Office of the Attorney General to decide whether to withhold the information, should a governmental body wish to withhold it. *See id.* § 552.301.

[3] *See id.* § 552.0055 ("[a] subpoena duces tecum or a request for discovery that is issued in compliance with a statute or a rule of civil or criminal procedure is not considered to be a request for information under [the TPIA]").

[4] To the extent Defendant claims § 552.108 serves as a basis to withhold this information as privileged, this is incorrect. Federal common law, not Texas state law, governs privilege in federal court in Section 1983 cases. *See Lee v. City of Midland*, No. 7:22-CV-0185-BL, 2024 WL 4005959, at *7 (W.D. Tex. Feb. 15, 2024). While federal common law does provide for a law enforcement privilege which "protect[s] government documents relating to an ongoing criminal investigation," *Hacking v. Toyota Motor Corp.*, No. 4:16-CV-388-ALM-CAN, 2017 WL 10188773, at *3 (E.D. Tex. Mar. 30, 2017), this privilege is subject to a multi-factored analysis and does not per se bar disclosure. *Id.* Instead, "'a district court has considerable leeway in weighing the different factors' to reach the determination whether the material submitted should remain privileged." *Id.* (citation omitted).

their official capacities in federal court litigation. *Id.* at 513. The Fifth Circuit reasoned that subpoenas are a "coercive judicial process" that "issue under the court's authority and are enforced by court order" and so violate the "inviolable sovereignty" retained by the states. *Id.* at 515–16. Defendant appears to argue that the relevant possessor will assert sovereign immunity in response to discovery requests but does not reference who these possessors may be. The Court need not address Defendant's premature discovery objections, raised on behalf of unidentified third parties, at this time. At this stage, the Court cannot preemptively assume that all relevant information will be unavailable.

As for the evidence available, Plaintiffs assert that a stay would prevent them from identifying (i) witnesses who saw, and in some instances, recorded the shooting; (ii) any other officers who arrived to the scene; (iii) other officers who may have been involved in Trooper Gomez's chase and shooting of Mr. Navarro; (iv) other officers involved in training Gomez; (v) Gomez's supervisors; or (vi) any Department of Public Safety policies that may have had a part in Gomez's decision to shoot Mr. Navarro. ECF No. 13 at 7–8. Plaintiffs also claim that discovery is needed to determine whether "other third parties are also responsible and should be added to this case," *id.*, hinting at the need to do so before the applicable statute of limitations runs out.

Plaintiffs have not specified why this evidence would be unavailable later, should a stay be granted. Plaintiffs can conduct their own investigations of witnesses who saw or recorded the shooting. And "Texas permits the tolling of limitations where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings." *Green v. Doe*, 260 F. App'x 717, 720 (5th Cir. 2007) (per curiam). But specifying how evidence may be unavailable in the future is difficult when a party does not know what evidence there is at present. Discovery could shine light on

witnesses whose memories may fade, who may move away, or who may not hold onto recordings. This factor weighs slightly against a stay.

### D.  The Private Interests of and Burden on Defendant

"[I]t is not unconstitutional to force [civil defendants] to choose between the negative inferences drawn from their silence in [a civil case] and their Fifth Amendment privilege." *Gonzalez*, 571 F. Supp 2d at 764 (citation omitted). "A party asserting prejudice to his Fifth Amendment rights must demonstrate 'more than the mere possibility of prejudice.'" *Gonzalez*, 571 F. Supp.2d at 764 (citation omitted).

Under Fifth Circuit law, "a blanket invocation of the [F]ifth [A]mendment privilege is insufficient to relieve a civil litigant of the responsibility to answer questions put to him during the civil discovery process...." *First Fin. Group of Tex., Inc.*, 659 F.2d at 668. A party asserting their Fifth Amendment right in a civil proceeding "must present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." *Id.* (citing *United States v. Roundtree*, 420 F.2d 845, 852 (5th Cir. 1969)). The court then determines the validity of the privilege with respect to each inquiry, and a party "is entitled to invoke the privilege only as to genuinely threatening questions." *Id.* (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1049 (5th Cir. 1976)) (internal quotation marks omitted). A party to parallel civil and criminal proceedings is excused from responding to all relevant inquiries on the civil side "[o]nly where the court finds that he could 'legitimately refuse to answer essentially all relevant questions' because of the threat of incrimination." *Id.* (quoting *United States v. Gomez-Rojas*, 507 F.2d 1213, 1220 (5th Cir. 1975)).

Defendant claims that given the possibility of a criminal indictment, he will be "burdened by a choice between invoking his Fifth Amendment rights and jeopardizing his defense in this suit,

or speaking in defense of this suit and jeopardizing his criminal defense." ECF No. 11 at 14. He also claims interest in avoiding exposure of potential criminal defense strategies he might employ if indicted. *Id.* These speculations merely raise the possibility of prejudice and amount to a blanket invocation of his Fifth Amendment right. This is improper and insufficient, especially considering the Court's power to control discovery. *See Gonzalez*, 571 F. Supp 2d at 764 (discussing other means to protect a defendant's interest, such as a protective order). Defendant does not point to any other factor demonstrating prejudice. This factor does not support a stay.[5]

### E.  The Interests of the Court

"In determining the propriety of a stay, a court can consider its own interests in efficient administration and judicial economy." *Gonzalez*, 571 F. Supp 2d at 765. Such interests include, but are not limited to, judicial efficiency and judicial expediency. *Alcala*, 625 F. Supp 2d at 406–07. Considering judicial efficiency, a court must analyze the extent to which the outcome of the criminal proceeding would simplify the issues in the civil proceeding. *Id.* at 406. Furthermore, considering judicial expediency, a court has "an obligation to move its docket, and not let cases languish before it." *Id.* at 407 (quoting *In re Scrap Metal Antitrust Litig.*, No. 1:02–CV–0844, 2002 WL 31988168, at *7 (N.D. Ohio Nov. 7, 2002)).

Here, final resolution of the criminal case may simplify the issues in the civil proceeding. The Court also realizes that it may have to rule on specific information requested during the discovery process. But there is no indication of how long the criminal process will take, nor even if it will occur. Given the inevitability that the Court will resolve this civil dispute, and the

---

[5] Plaintiffs also raise an argument that Defendant is using his Fifth Amendment right as both a "sword-and-shield," given that he has already given a four-page sworn statement to the Texas Rangers "to fend off a criminal charge," but now seeks to assert it to prohibit this case from moving forward. ECF No. 13 at 5. The Court does not address this argument considering its finding that there is no prejudice to Defendant with respect to his Fifth Amendment rights at this stage.

obligation on this Court to do so in a timely manner, the Court finds that its own interests weigh against an indefinite stay.[6]

### F.  The Public's and Third-Parties' Interests

The public has simultaneous interests in the resolution of civil cases with minimal delay, prosecuting criminal cases, and in maintaining the integrity of criminal defendants' constitutional rights. *Bean*, 220 F. Supp. 3d at 778; *Alcala*, 625 F. Supp. 2d at 407. The public also has an interest in law enforcement activities and how law enforcement officers conduct themselves in their communities. While the degree of overlap between criminal and civil cases is an important consideration in weighing the public's interest, the status of the criminal case is also an important consideration. *Alcala*, 625 F. Supp. 2d at 407. Here, although there is overlap, Trooper Gomez has not been indicted. Because the Court has control over the discovery process and the integrity of Gomez's rights can be maintained without a stay, the public's interest in resolving this case with minimal delay weighs against a stay.

Third parties may also have an interest in resolving this case with minimal delay. Other officers involved in the incident have an interest in completing discovery and avoiding a cloud of civil liability. These officers may also have an interest in maintaining the integrity of their department.

---

[6] Defendant asserts that the Court will be faced with motions to quash and compel and "repeated and unnecessary motions" to amend the scheduling order because "discovery is impossible." ECF No. 11 at 4. This argument is unavailing because discovery is not impossible. *See infra* Part II(D). Plaintiffs are ready to proceed with discovery and are entitled to do so. Defendant can raise whatever legitimate objections necessary. Defendant should be cognizant, however, of not filing "repeated and unnecessary motions."

## <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that a stay of the entire case is not warranted.

The Court **DENIES** Defendant's Motion to Stay (ECF No. 11). The Scheduling Order will issue

separately.

**IT IS SO ORDERED**.

**SIGNED** this 13th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE